IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

APRIL STREIGHT,

    Plaintiff,

v.                                  Civil Action No. 5:09CV106
                                             (STAMP)
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I. Background

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendant, in which the defendant asserts that federal jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiff commenced this civil action in the Circuit Court of Marshall County, West Virginia, to recover remaining benefits allegedly owed to her under an insurance policy issued by the defendant, as the result of a motor vehicle collision. Following removal of the action to this Court, the plaintiff filed a motion to remand to which the defendant responded, and the plaintiff replied. For the reasons set forth below, the plaintiff's motion to remand is granted.

II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of

cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

### III. Discussion

In her motion to remand, the plaintiff asserts that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees.

The burden of establishing the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. The defendant contends, however, that a "legal certainty" standard must be applied. Under the legal certainty standard urged by the defendant, diversity of citizenship exists unless it appears to a legal certainty that the plaintiff cannot recover damages in excess of the jurisdictional minimum. In support of this position, the defendant relies on Lanier v. Norfolk Southern Corp., 256 F. App'x 629 (4th Cir. Dec. 5, 2007) (unpublished), and Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192 (4th Cir. 2008).

The defendant misconstrues the applicability of Lanier and Ellenburg. In Lanier and Ellenburg, the Fourth Circuit Court of Appeals was not concerned with a defendant's burden of proving the amount in controversy when jurisdiction is challenged on removal. Rather, the Court addressed the pleading standard for a notice of removal. See Ellenburg, 519 F.3d at 200 (finding that "it was inappropriate for the district court to have required a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint"); Lanier, 256 F. App'x at 631 (noting that "under [the Class Action Fairness Act], the proponent of removal must show . . . diversity, and it must be clear from the face of the complaint that the amount in controversy exceeds [the jurisdictional minimum]"). Neither case adopted a legal certainty standard to determine whether a

3

defendant, in a removal case based upon diversity jurisdiction, has met its burden of proving the amount in controversy when subject matter jurisdiction is challenged.

Generally, the legal certainty standard advanced by the defendant applies to cases that originate in federal court. <u>Landmark Corp. v. Apogee Coal Co.</u>, 945 F. Supp. 932, 935 (S.D. W. Va. 1996). "A different test applies in removal situations . . . in which the plaintiff has made an unspecified demand for damages in state court. A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." <u>Id.</u>

In this case, the plaintiff has filed a motion to remand challenging the defendant's assertion in its notice of removal that this Court has subject matter jurisdiction over the above-styled civil action. Because this case is before this Court on removal and the plaintiff's complaint does not set forth a total monetary sum requested, the defendant must show by a preponderance of the evidence that this action meets the requisite amount in controversy. In filing the notice of removal, the defendant states that it believes that the plaintiff will contend that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

After careful consideration of the record in this case, this Court finds that the defendant has not met its burden of proof with

regard to the amount in controversy. The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal. See <u>Varela v. Wal-Mart Stores, East, Inc.</u>, 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000).

Here, the defendant has offered no competent proof or tangible evidence that the amount in controversy exceeds, or it is even highly conceivable that it will exceed $75,000.00, exclusive of interests and costs. See <u>Etchison v. Westfield Co.</u>, 2006 U.S. Dist. LEXIS 79574 (Sept. 26, 2006) (unpublished) (holding that federal diversity jurisdiction was properly based on evidence that the plaintiff was seeking pre-judgment interest, post-judgment interest, attorney's fees, costs on punitive damages, and made prior demands in the amount of $70,000.00 and $3 million). Considering all of the evidence, this Court finds that the defendant has not shown by a preponderance of the evidence that the plaintiff will recover damages in excess of the jurisdictional minimum. Therefore, the plaintiff's motion to remand must be granted.

In the alternative, the defendant requests that it be permitted to conduct jurisdictional discovery. This Court finds that jurisdictional discovery is inappropriate because "[t]he court . . . is limited to examining only that evidence of amount in controversy that was available at the moment the petition for removal was filed." <u>Chase v. Shop 'N Save Warehouse Foods, Inc.</u>, 110 F.3d 424, 428 (7th Cir. 1997). Nothing prevents, however, the

defendant from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b).[1]

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Marshall County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: November 20, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Of course, the case may not be removed on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b).